**UNITED STATES of America, Appellee,**

v.

**Martin ESPINOZA–NARANJO, also known as George Gonzales, also known as George Gonzalez, Appellant.**

No. 05–3468.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 2006.

Decided May 26, 2006.

Joseph James Volpe, U.S. Attorney's Office, Little Rock, AR, for Appellee.

Omar F. Greene, II, Federal Public Defender's Office, Little Rock, AR, for Appellant.

Martin Espinoza–Naranjo, Mason, TN, pro se.

Before MURPHY, BEAM, and BENTON, Circuit Judges.

**PER CURIAM.**

Appellant Espinoza–Naranjo pleaded guilty to illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(b)(2). The indictment alleged that this offense occurred subsequent to an aggravated felony conviction—possession of cocaine for sale—as described by 8 U.S.C. § 1101(a)(43)(B). The presentence investigation report (PSR) prepared by the United States probation officer calculated a sixteen-level increase to the base offense level of eight based upon the prior felony conviction. The suggested guideline sentence in the PSR was seventy-seven to ninety-six months. Appellant objected to the suggested sixteen-level increase prior to sentencing. The district court[1] adopted the recommendation set forth in the PSR, gave Appellant credit for time served in state prison, and imposed a forty-two month sentence of imprisonment.

Citing *Shepard, Booker, Blakely,* and *Apprendi,* Appellant argues that the district court made findings of fact by a preponderance of the evidence when it enhanced Appellant's sentence based upon his alleged criminal history and that such factfinding violated his Sixth Amendment

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

right to be judged by a jury of his peers, as well as his due process rights under the Fifth Amendment. *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

We are bound by our precedent in *United States v. Cerna–Salguero,* 399 F.3d 887 (8th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 2936, 162 L.Ed.2d 871 (2005), which clearly recognizes the Supreme Court's rejection of Appellant's arguments. " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *Id.* (quoting *Apprendi* 530 U.S. at 489–90, 120 S.Ct. 2348). And, contrary to Appellant's argument, the Supreme Court has not overruled *Apprendi* nor *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Finally, Appellant's guilty plea to a § 1326(b)(2) offense precludes his arguments because pleading guilty to a violation of § 1326(b)(2) is tantamount to admitting that his removal was preceded by a conviction of an aggravated felony. "[I]n the case of any alien described in such subsection whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2).

We thus reject Appellant's constitutional challenges to his sentence, and affirm.